UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiffs,<br><br>v.<br><br>SHAWN CUTTING,<br><br>Defendant,<br><br>and<br><br>CRYPTO TRADERS MANAGEMENT, LLC, JANINE CUTTING, GOLDEN CROSS INVESTMENTS, LLC, LAKE VIEW TRUST,<br><br>Relief Defendants. | Case No. 2:21-cv-00103-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendants' Second Motion for Limited Relief from

Writ of Attachment and Motion for Relief from Temporary Restraining Order, and

Motion for Leave to File for Chapter 11 Bankruptcy Relief, which was filed in

*Powell v. Crypto Traders Management, LLC*, Case No. 2:20-cv-00352-BLW (Dkt.

**MEMORANDUM DECISION AND ORDER - 1**

54) and *United States Securities and Exchange Commission v. Cutting, et al.*, Case No. 2:21-cv-00103-BLW. (Dkt. 11).[1] The motion is fully briefed and at issue. The Court has determined that oral argument will not significantly aid in ruling on the motion. Since Defendants filed the motion in both cases, the Court will address the motion in a single order, to be filed in both cases.

## BACKGROUND

On February 4, 2021 this Court issued an Order granting the petition for a writ of attachment filed by Plaintiffs Merav Knafo and David Powell in *Powell v. Crypto Traders Management, LLC*. On March 15, 2021 the Court issued a writ of attachment for property located in Bonner County, Idaho, including the Creekridge Estates Lots 2 and 7 at issue here.

In *United States Securities and Exchange Commission v. Cutting, et al.* the Court issued a temporary restraining order based on findings that the SEC established a prima facie case that Cutting defrauded investors and a reasonable likelihood of future violations of the antifraud provisions of the Securities Act of

---

[1] Defendants and Plaintiffs have additional motions pending in *Powell v. Crypto Traders Management, LLC*, Case No. 2:20-cv-00352-BLW that will be addressed by separate order in that case.

1933 and the Securities Exchange Act of 1934. The TRO provided several forms of relief, including freezing up to $13.8 million of Defendants' and Relief Defendants' assets and prohibiting any transfer, encumbrance or distribution of assets. Defendants later joined the SEC in a motion for entry of a Stipulated Preliminary Injunction, Asset Freeze, and Order Granting Other Relief which extends the relief granted in the TRO until a final disposition of the action or further Court order. The Court entered the Stipulated Order on March 17, 2021.

Defendants now seek relief from both the writ of attachment and the Stipulated Order for the purpose of selling the Creekridge Estates Lots 2 and 7 and using sale proceeds to pay attorney's fees. They also seek leave to file Chapter 11 Bankruptcy. Powell and Knafo oppose the motion for relief from the writ of attachment and the motion for leave to file Chapter 11 Bankruptcy. The SEC does not oppose an amendment to the Stipulated Order to allow the sale of the property, but requests that the proceeds of the sale be deposited in an account subject to the asset freeze. The SEC also opposes the motion for leave to file Chapter 11 Bankruptcy.

## ANALYSIS

### A. Motion for Relief from Writ of Attachment and Temporary Restraining Order

Defendants first seek relief from the writ of attachment issued in *Powell v.*

*Crypto Traders Management, LLC* and the TRO and Stipulated Order entered in *United States Securities and Exchange Commission v. Cutting, et al.* in order to sell Creekridge Estates Lots 2 and 7. They also ask the Court to release $75,000 of the sale proceeds to pay attorney's fees.

### 1. Motion for Relief from Writ of Attachment

First, the Court will address the motion for relief from the writ of attachment issued in *Powell v. Crypto Traders Management, LLC*. Under Idaho law, a plaintiff may obtain a prejudgment writ of attachment for property of a defendant "as security for the satisfaction of any judgment that may be recovered" for an action upon a contract and a claim of fraudulent conveyance. I.C. §§ 8-501 *et seq.*, 55-913, 55-916. Idaho law sets forth two ways a defendant may obtain relief from a writ of attachment: (1) a "defendant may retain or require the return of all or any portion of the property upon filing with the court a written undertaking;" or (2) a defendant may move to discharge the writ of attachment if the writ was "improperly or irregularly issued." I.C. §§ 8-506C, 8-534.

The Court previously conducted a show cause hearing in *Powell v. Crypto Traders Management, LLC* where the Defendants were given the opportunity to show cause why a writ of attachment should not issue in that case. Following the hearing, the Court determined that there is a reasonable probability that Powell and

Knafo would prevail on their claim that Defendants engaged in fraudulent transfers and were entitled to a writ of attachment for Creekridge Estates Lots 2 and 7. (Case. No. 2:20-cv-00352-BLW, Dkt. 40). Since Powell and Knafo established they are entitled to attach the lots, the burden is on the Defendants to show they are entitled to relief from the writ of attachment in order to sell the lots. However, Defendants have not alleged here that the writ was improperly or irregularly issued or filed a written undertaking with the Court to require the return of the lots. Further, Defendants have not cited, and the Court has not located, any other grounds upon which the Court may modify the writ of attachment to release the lots for sale. Accordingly, the motion for relief from the writ of attachment is denied without prejudice.

### 2. Motion for Relief from Temporary Restraining Order

Defendants also seek modification of the TRO and Stipulated Order entered in *United States Securities and Exchange Commission v. Cutting, et al.* to permit the sale of the Creekridge Estates Lots 2 and 7 and to allow them to use proceeds from the sale to pay attorney's fees. The SEC does not object to modification of the TRO and Stipulated Order to permit Defendants to sell the Creekridge Estates Lots if appropriate safeguards are in place. However, it appears that the SEC does object to the release of funds from the sale to pay attorney's fees.

A district court has discretion to permit payment of attorney's fees out of frozen assets. *Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 775 (9th Cir. 1995). "In a civil action, including enforcement actions brought by the SEC, a "defendant must establish that the funds he seeks to release are untainted and that there are sufficient funds to satisfy any disgorgement remedy that might be ordered in the event a violation is established." *SEC v. Santillo*, No. 18-CV-5491 (JGK), 2018 WL 3392881, at *4 (S.D.N.Y. July 11, 2018). A request for the release of frozen assets to pay attorney's fees may be denied where the frozen assets fall short of a potential disgorgement order – even where the funds are from an untainted source. *See Noble Metals*, 67 F.3d at 775; *SEC v. Current Fin. Servs.*, 62 F. Supp. 2d 66, 68 (D.D.C. 1999).

Here, the Court froze up to $13.8 million of Defendants' and Relief Defendants' assets. This amount was based on a potential award of disgorgement in the amount of $6.9 million and a civil penalty for the same amount. The Court also ordered Defendants to account for their assets. Defendants have not established that there are sufficient frozen assets to satisfy the estimated disgorgement. Therefore, the Court finds that a modification of the TRO and Stipulated Order to permit the sale of the lots and release funds to pay attorney's fees is not warranted at this time.

B.  **Motion for Leave to File Chapter 11 Bankruptcy**

Defendants seek relief from the writ of attachment and the TRO and Stipulated Order to file Chapter 11 Bankruptcy. Although the writ of attachment in *Powell v. Crypto Traders Management, LLC* does not prohibit the filing of a bankruptcy petition by Defendants without leave from the Court, the TRO issued by the Court and the preliminary injunction stipulated to by the Defendants in *United States Securities and Exchange Commission v. Cutting, et al.* both expressly prohibit the defendants from filing bankruptcy.

The "central purpose of an asset freeze is to preserve funds to satisfy a potential disgorgement order." *Santillo*, 2018 WL 3392881, at *3. Modifying the TRO and Stipulated Order to permit Defendants to file bankruptcy has the potential to defeat the purpose of the asset freeze. Although Defendants assert that filing a Chapter 11 bankruptcy petition would benefit all plaintiffs in these actions, they have provided little evidence to support this claim. The Court does not have sufficient information about Defendants' financial condition or any intervening change of circumstances that establish Defendants should be relieved from the TRO issued by the Court or the bargained-for agreement in which the Defendants agreed to forego their right to file bankruptcy. Accordingly, the motion for leave to file Chapter 11 Bankruptcy will be denied.

**ORDER**

**IT IS ORDERED that:**

1. Defendants' Second Motion for Limited Relief from Writ of Attachment and Motion for Relief from Temporary Restraining Order, and Motion for Leave to File for Chapter 11 Bankruptcy Relief (Case No. 2:20-cv-00352-BLW, Dkt. 54; Case No. 2:21-cv-00103-BLW, Dkt. 11) is **DENIED without prejudice**.

2. Defendants' Motion for Expedited Omnibus Hearing (Case No. 2:20-cv-00352-BLW, Dkt. 70; Case No. 2:21-cv-00103-BLW, Dkt. 26) is **DENIED.**

3. Defendant's Second Motion for Expedited Omnibus Hearing (Case No. 2:20-cv-00352-BLW, Dkt. 78) is **DENIED.**

DATED: July 13, 2021

B. Lynn Winmill
U.S. District Court Judge