UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CRYPTO TRADERS MANAGEMENT, et al.,<br><br>Defendants. | Case No. 2:21-cv-00103-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is the United States Securities and Exchange Commission's Motion to Modify Asset Freeze to Permit Lien Foreclosure Action (Dkt. 38). Defendants oppose this motion. After reviewing the briefing and the record, the Court finds that oral argument would not materially aid its decision. For the reasons stated below, the Court will grant the motion.

## ANALYSIS

The Court issued a temporary restraining order based on findings that the SEC established a prima facie case that Cutting defrauded investors and a reasonable likelihood of future violations of the antifraud provisions of the

**MEMORANDUM DECISION AND ORDER - 1**

Securities Act of 1933 and the Securities Exchange Act of 1934. A Preliminary Order freezing assets was agreed to by the SEC and Defendants and was entered on March 17, 2021.

SEC now submits a motion on behalf of Lunsford Construction, a non-party creditor of Defendants, seeking leave to file a lien foreclosure action that would impact property subject to the Asset Freeze. Lunsford acted as a general contractor to construct a residence for Shawn and Janine Cutting. Lunsford filed a claim of lien for unpaid work done on the property in the amount of $120,501.98, plus interest, attorney fees, recording and mailing costs. To perfect the lien before expiration of 180 day timeline set forth in Idaho Code 45-510, Lunsford filed a foreclosure action. To proceed with the action, Lunsford requires leave of this Court.

Defendants oppose the motion to modify the asset freeze order, asserting that they have several defenses to the foreclosure action. While those defenses may be valid, that is not the issue before this Court.

The Court is satisfied that Lunsford should be granted leave to pursue the foreclosure action. The lien for unpaid work appears legitimate.  Moreover, allowing the lien claimant to liquidate the real property – and to have the funds received after foreclosure held for the benefit of investors – is consistent with the

**MEMORANDUM DECISION AND ORDER - 2**

Court's order freezing the defendants' assets.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion to Modify Asset Freeze to Permit Lien Foreclosure Action (Dkt. 38) is **GRANTED**. The Court finds that the lien foreclosure claim was filed to perfect the lien, and grants leave for Lunsford Construction to pursue their claim.

2. Lunsford Construction must seek approval from this Court for any distribution of any and all proceeds derived from the lawsuit and any subsequent foreclosure to ensure compliance with the Preliminary Injunction issued in this case.

DATED: February 4, 2022

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3