UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiffs,<br><br>v.<br><br>SHAWN C. CUTTING,<br><br>Defendants,<br><br>CRYPTO TRADERS MANAGEMENT, LLC, JANINE M. CUTTING, GOLDEN CROSS INVESTMENTS, LLC, LAKE VIEW TRUST, and TYSON TRUST,<br><br>Relief Defendants. | Case No. 2:21-cv-00103-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendants' Motion to Extend Expert Disclosure Deadline (Dkt. 44). Having reviewed the parties' briefs and the record in this matter, the Court concludes that oral argument is not necessary. Accordingly, for the reasons explained below the Court will deny Defendants' Motion.

## BACKGROUND

The U.S. Securities and Exchange Commission filed this case as an emergency action on March 5, 2021. *See* Dkt. 1. At the outset of this litigation, the Court issued a temporary restraining order based on finding that the U.S. Securities and Exchange Commission established a prima facie case that Cutting defrauded investors and reasonable likelihood of future violations of the antifraud provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934. *See* Dkt. 6. The TRO provided several forms of relief, including freezing up to $13.8 million of Defendants' and Relief Defendants' assets and prohibiting any transfer, encumbrance, or distribution of assets. Defendants later joined the SEC in a motion for entry of a Stipulated Preliminary Injunction, Asset Freeze, and Order Granting Other Relief, which extends the relief granted in the TRO until a final disposition of the action or further Court order. *See* Dkt. 9. The Court entered the Stipulated Order on March 17, 2021. *See* Dkt. 10.

On May 10, 2021, the parties filed a Stipulated Litigation Plan setting the deadline for Defendants to identify and disclose experts no later than January 18, 2022. The Court approved this stipulated plan on August 17, 2021, and the Amended Scheduling Order did not change the expert disclosure deadlines to which the parties agreed. *See* Dkt. 36. This stipulated discovery plan provided Cutting with over eight months to prepare for the expert disclosure deadline. The

SEC provided its Rule 26(a)(1) initial disclosures on May 21, 2021, and Cutting has taken no discovery in this case.

On January 25, 2022, after Defendants' deadline for disclosing expert passed, Defendants filed the present motion seeking to extend the expert disclosure deadline indefinitely on the grounds that all their assets are frozen pursuant to Stipulated Order, and Defendants do not have access to funds to retain an expert. Shortly after Defendants filed this Motion, the SEC filed a motion for summary judgment on liability. *See* Dkt. 49. The SEC does not rely on expert testimony on bringing its summary judgment motion. *Id.*

Apparently unable to reach an agreement with the SEC regarding the release of frozen assets to fund this litigation, Defendants filed their third motion for leave to file for Chapter 11 bankruptcy relief. *See* Dkt. 53. On May 24, 2022, the Court denied the motion, *see* Dkt. 79, and on May 26, 2022, Defendants' counsel moved to withdraw, *see* Dkt. 80.

## ANALYSIS

Rule 16(b) permits modification of a scheduling order only for good cause. *Peck v. Cincinnati Ins. Co.*, No. 14-cv-00500-BLW, 2015 WL 13469930, at *2 (D. Idaho, 2015). Here, the focus of the good cause standard is Defendants' diligence in attempting to meet the expert disclosure deadline. *Id.* (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)). "A court should

find good cause only if the moving party shows it could not reasonably meet the established timeline in a scheduling order despite [its] diligence." *Id.* (quoting *DIRECTV, Inc. v. Busdon*, 2005 WL 1364571, *1 (D. Idaho 2005)). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (quoting Johnson, 975 F.2d at 609). If the party moving "was not diligent, the inquiry should end." *Id.*

Defendants have failed to demonstrate good cause exists to extend indefinitely the deadlines to which it agreed over a year ago. Defendants fail to show they diligently sought to identify and retain an expert – or even identify a specific need for an expert. This Court has denied a request to extend the expert deadline upon a showing of more diligence than Defendants offer here. *See, e.g., Peck v. Cincinnati Ins. Co*., No. 14-cv-00500-BLW, 2015 WL 13469930, at *2 (D. Idaho, 2015). In *Peck*, the plaintiff, representing herself *pro se* after her counsel withdrew, sought an extension of deadlines, including the expert disclosure deadline, claiming she had identified two expert witnesses prior to the deadline and submitted those names to her counsel prior to his withdrawal, but her counsel essentially "dropped the ball." *Id.* The Court, however, still found a lack of diligence, noting that "[k]nowing of a deadline and failing to meet it because 'Mr. Stover never instructed [her] to complete the retainer process' is more akin to carelessness than diligence." *Id.*

Defendants point to the asset freeze as preventing them from acting with diligence in identifying and retaining an expert. While the Court recognizes the hindrances the asset freeze places on Cutting and the relief defendants' ability to defend this case, the asset freeze nonetheless fails to cure Defendants' lack of diligence here. Defendants never sought a release of funds to retain an expert or otherwise cited the asset freeze as an impediment to their retaining an expert before this Motion – filed after the deadline had already passed. Moreover, Defendants fail to show how the asset freeze prevented them from identifying a specific need for expert testimony—a minimal step toward showing diligence in meeting the deadline to which Defendants agreed.

Finally, the Court notes that the SEC has filed a motion for summary judgment on liability, which remains pending and to which Defendants have not yet responded. Defendants do not argue that they need to retain an expert to respond to the motion, and disposition of the summary judgment motion in the SEC's favor could obviate any need for Defendants to retain an expert. Extending the expert disclosure deadlines indefinitely would offer little solution to Defendants and would potentially prejudice the SEC in their seeking relief for the allegedly defrauded investors.

In light of all these factors, the Court will deny Defendants' request to extend the expert deadline indefinitely without prejudice. If, after the SEC's

pending motion for summary judgment is decided, Defendants can show a specific need for an expert and set forth a specific timeline needed for identifying and retaining that expert, Defendants may renew their motion to extend the expert deadlines, and the Court will consider the request at that time.

## ORDER

**IT IS ORDERED that** Defendants' Motion to Extend Expert Disclosure Deadline is **DENIED**.

DATED: May 31, 2022

B. Lynn Winmill
U.S. District Court Judge